**FILED**

May 11, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM
                                    DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

YONNEY RICARDO TEJEDA,      §
     §
         Petitioner,      §
     §
v.      §
     §       **NO. SA-26-CV-00265-OLG**
ROSE THOMPSON, in her official      §
capacity as Warden of the Karnes      §
County Immigration Processing Center,      §
*et al.,*      §
     §
         Respondents.      §

## ORDER

Before the Court is this habeas proceeding, in which Petitioner Yonney Ricardo Tejeda has filed a Motion for Supplemental Ruling Pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. No. 12), to which Respondents have responded (Dkt. No. 13). Because it previously granted habeas relief on the statutory grounds asserted in the Petition and, thus, did not consider Petitioner's due process basis for relief, the Court will grant the Motion and amend its Order issued February 5, 2026 (Dkt. No. 11).

Petitioner is a citizen of Cuba who entered the United States on September 24, 2022, was processed by immigration officials at the border, and then released on his own recognizance. (Dkt. No. 1 at 2; Dkt. No. 9 at 2.) He was re-arrested by ICE on June 26, 2025, when he appeared for a routine check-in appointment, and is presently being detained pursuant to 8 U.S.C. § 1225(b). (Dkt. No. 1 at 3; Dkt. No. 9 at 2.)

The Court previously granted the Petition for Writ of Habeas Corpus (Dkt. No. 1) based on Petitioner's statutory-based challenge to his detention, finding that Petitioner was not subject to mandatory detention under § 1225(b) and therefore requiring that he be given a bond hearing pursuant to § 1226(a). (Dkt. No. 11.) On February 12, 2026, the immigration judge issued an order

denying Petitioner's request for release on bond because he has been ordered removed from the United States[1] and is therefore a flight risk. (Dkt. No. 12 at 4; Dkt. No. 9 at 2.)

Petitioner now asks the Court to rule on his constitutional challenge to detention, which the Court did not reach in granting relief on statutory grounds. (*See* Dkt. No. 12 at 10.) In response, Respondents contend that the Court lacks jurisdiction to review the immigration judge's discretionary decision to deny bond and that all Petitioner's remaining claims were dismissed. (Dkt. No. 13 at 2.) Although the Court agrees with Respondents that it lacks jurisdiction to review the flight-risk determination, *see* 8 U.S.C. § 1226(e), the Court has not yet considered Petitioner's constitutional basis for habeas relief—i.e., his contention that he may not be mandatorily detained consistent with his right to due process (*see* Dkt. No. 1 at 12; Dkt. No. 11 at 2–3 (dismissing only Petitioner's non-habeas claim under the APA)). As such, the Court will address that challenge now pursuant to Rule 54. *See* FED. R. CIV. P. 54(b) (providing that a final order, "however designated, that adjudicates fewer than all the claims . . . does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims"). For the reasons below, Petitioner is entitled to relief on due process grounds. *See Sanchez v. Noem*, No. 25-CV-00403-DCG, 2026 WL 596133, at *8 (W.D. Tex. Mar. 2, 2026) (explaining that *Buenrostro-Mendez* "does not control whether Respondents are detaining Petitioner in violation of the Constitution").

"Noncitizens are entitled to due process of the law under the Fifth Amendment." *Ochoa v. Vergara*, --- F. Supp. 3d. ---, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). "[G]overnment detention violates th[e Due Process] Clause

---

[1] Despite his removal order, Petitioner's removal proceedings remain ongoing because he timely appealed the order to the Board of Immigration Appeals and, thus, it is not yet administratively final. (*See* Dkt. No. 1 at 3–4; Dkt. No. 9 at 2; Dkt. No. 9-2 at 6.) Once the order of removal becomes administratively final, the Government will have 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Accordingly, if Petitioner has a constitutionally protected liberty interest in residing freely within the United States despite his status as an applicant for admission, then Respondents may not detain him during the pendency of his removal proceedings—notwithstanding the applicable mandatory detention provision in § 1225(b)—unless Respondents' "special justification" for doing so "outweighs" his liberty interest. *See id.*

Petitioner has a constitutionally protected liberty interest in residing freely within the United States during the pendency of his removal proceedings because he "has lived in the United States for over [two] years . . . with the express permission of DHS while he was subject to supervised release pending the resolution of his removal proceedings." *Bonilla Chicas v. Warden*, --- F. Supp. 3d. ---, 2026 WL 539475, at *6 (S.D. Tex. Feb. 20, 2026); *see Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86)). And his "interest in being free from imprisonment" is "the most significant liberty interest there is." *Bonilla Chicas*, 2026 WL 539475, at *10 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). Indeed, "liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). Thus, not only does this factor clearly weigh in Petitioner's favor, but it "deserves great weight and gravity." *Ochoa*, 2026 WL 482211, at *3 (quoting *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d

690, 701 (W.D. Tex. 2025)). Accordingly, Respondents' "special justification" must "outweigh" Petitioner's very weighty liberty interest. *See Zadvydas*, 533 U.S. at 690.

Although the Government has a general interest in enforcing immigration laws, the INA is subservient to the Constitution's protections. *See, e.g., Counselman v. Hitchcock*, 142 U.S. 547, 565 (1892) ("Legislation cannot detract from the privilege afforded by the constitution"), *overruled on other grounds by Kastigar v. United States*, 406 U.S. 441 (1972). Of course, "the Government has an interest in detaining noncitizens who pose a flight risk or a danger to the community." *Bonilla Chicas*, 2026 WL 539475, at *11. But if Petitioner poses neither, then restoring his liberty during the pendency of his removal proceedings would in no way diminish the Government's "power to admit or exclude aliens." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). And yet, § 1225(b)'s mandatory detention provision requires that Petitioner—and, indeed, all applicants for admission—be detained irrespective of whether he poses a danger or flight risk. The Court recognizes that some applicants for admission may present such risks, and, in those cases, the mandatory detention provision would have correctly resulted in their detention throughout removal proceedings. But mandatorily detaining *every* applicant for admission—including Petitioner—without any hearing or other individualized assessment of whether they pose any risk that would outweigh their liberty interest creates "a very high risk of erroneous deprivation of liberty." *Bonilla Chicas*, 2026 WL 539475, at *11.

Based on the foregoing, Petitioner's due process rights have been violated, and that violation "cannot be mitigated through a post-deprivation hearing." *Bonilla Chicas*, 2026 WL 539475, at *11. Rather, "the need for an individualized determination of whether detention is warranted *at the time of arrest* is required to protect Petitioner's liberty interest." *Id.* In short, "the Due Process Clause of the Fifth Amendment guarantees [Petitioner] adequate notice of the intent

4

to revoke his prior release, an individualized assessment of his flight risk and dangerousness, and an opportunity to respond at a hearing before his re-detention by ICE." *Bonilla Chicas*, 2026 WL 539475, at *11.

Turning to relief, in habeas cases where the Court finds detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar situations." *Ochoa*, 2026 WL 482211, at *4 (collecting cases).[2] The Court agrees and will order Petitioner's immediate release. *See id.*; *Bonilla Chicas*, 2026 WL 539475, at *12.

Based on the foregoing, Petitioner's Motion for Supplemental Ruling (Dkt. No. 12) is **GRANTED**.

---

[2]*See Sanchez*, 2026 WL 596133, at *8 (granting relief, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who entered without inspection in 1996 and arrested and mandatorily detained for the first time in 2025); *Hassen v. Noem*, No. 26-CV-48-DB, 2026 WL 446506, at *1–2 (W.D. Tex. Feb. 9, 2026) (citing *Vieira*, 806 F. Supp. 3d 690) (same, in habeas case brought by petitioner who initially presented at a port of entry, was placed in expedited removal proceedings and detained pending a credible fear interview, and was ultimately granted humanitarian parole under § 1182(d)(5)(A)); *Lopez-Arevelo*, 801 F. Supp. 3d at 674, 685–88 (granting habeas relief on procedural due process grounds to petitioner who had previously been detained upon entry and then paroled into the country); *Parada-Hernandez v. Johnson*, No. 25-CV-2729-K-BN, 2025 WL 3465958, at *1, 3–6 (N.D. Tex. Oct. 29, 2025) (same, in habeas case brought by petitioner who had previously been released under an ORR and finding that denial of a bond hearing based on application of § 1225(b)(2) violated procedural due process), *report and recommendation adopted*, No. 25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Hernandez-Fernandez*, 2025 WL 2976923, at *1, 8–10 (same); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. 25-CV-470-KC, 2025 WL 3123828, at *1, 3–5 (W.D. Tex. Nov. 7, 2025) (same, in habeas case brought by petitioner who entered without inspection, was apprehended years later, applied for asylum, and then was paroled into the country); *Santiago v. Noem*, No. 25-CV-361-KC, 2025 WL 2792588, at *1, 6–14 (W.D. Tex. Oct. 2, 2025) (same, in habeas case brought by petitioner who had protection from deportation under DACA); *Vieira*, 806 F. Supp. 3d at 700–01 (same, in habeas case brought by petitioner who was apprehended upon entry and then released under an ORR); *see also Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026) (finding due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by DHS prior to his first encounter with, and resulting detention by, ICE in 2026); *cf. Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (finding that mandatory detention under § 1226(c) violated due process as applied to alien whose detention pending removal had become unreasonably prolonged).

Accordingly, the Court's February 5 Order (Dkt. No. 11) is **AMENDED** such that Petitioner Yonney Ricardo Tejeda's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART**[3] on the due process grounds asserted therein as follows:

1.      Respondents must release Petitioner Yonney Ricardo Tejeda (A-243-133-713) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place on or before **Wednesday, May 13, 2026**;

2.      Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.      Respondents must file a status report no later than **Friday, May 15, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

This Order is a **FINAL JUDGMENT**.

It is so **ORDERED**.

**SIGNED** on May _____ , 2026.

ORLANDO L. GARCIA
United States District Judge

---

[3]The Petition remains **DENIED IN PART** to the extent Petitioner requests attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).